T.C. Summary Opinion 2007-198


UNITED STATES TAX COURT


HOWARD K. HAGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7431-06S.                Filed November 21, 2007.


Howard K. Hager, pro se.

<u>Erika B. Cormier</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $3,553 deficiency in petitioner's 2002 Federal income tax and a section 6651(a) addition to tax for failure to file timely a Form 1040-SS, U.S. Self-Employment Tax Return, for 2002.  The issues for decision are whether petitioner is:  (1) Entitled to claim business expense deductions; and (2) liable for a section 6651(a)(1) addition to tax.[1]

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference.  At the time the petition was filed, petitioner resided in Holliston, Massachusetts.

Petitioner resided in Puerto Rico during 2002.  For part of 2002, petitioner was employed by World Services Telephone, Inc., and he also worked as a consultant to Cortelco Systems Puerto Rico (Cortelco).  Cortelco was in San Juan, Puerto Rico, and moved its operations to Caguas, Puerto Rico, sometime between September 2002 and February 2003.  Petitioner then began working at home.

During 2002, petitioner shared with his wife a one-bedroom apartment, which was about 500 square feet.  Within the

---

[1] Respondent concedes that petitioner is not liable for additions to tax under sec. 6654(a) or 6651(a)(2).  Petitioner concedes that he was required to file a Form 1040-SS.

apartment, petitioner used for business a workbench and desk, which were in the bedroom; an area for file storage, which was in the living room; and areas in the dining room for files, storage, chairs, and his computer, router, and terminals, which he stored on top of the dining room table.

Petitioner filed a Form 482.0, Individual Income Tax Return, with the Commonwealth of Puerto Rico for 2002. Petitioner failed to file timely a Form 1040-SS with the Internal Revenue Service for 2002. On January 24, 2006, respondent issued a notice of deficiency to petitioner. Thereafter, petitioner submitted to respondent a Form 1040-SS and a Form 4562, Depreciation and Amortization (Including Information on Listed Property), on March 28, 2007. On his Form 1040-SS, petitioner claimed the following deductions:

| | |
|---|---|
| Truck purchase (as a section 179 expense) | $2,500 |
| Insurance (other than health) | 3,552 |
| Legal and professional expenses | 2,500 |
| Other business property (as a section 280A deduction for the business use of his residence) | 6,300 |
| Utilities (as a section 280A deduction for the business use of his residence) | 2,800 |
| Repairs and maintenance | 800 |
| Supplies | 1,000 |
| Taxes and licenses | 7,798 |
| Meals and entertainment | 5,000 |
| Parking | 250 |
| Tolls | 100 |
| Oil and gas | 480 |

## Discussion

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden to prove that the determinations are in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). But the burden of proof on factual issues that affect a taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue." See sec. 7491(a)(1). The burden will shift only if the taxpayer has complied with the substantiation requirements and has cooperated with the Commissioner's reasonable requests for witnesses, information, documents, meetings, and interviews. See sec. 7491(a)(2). Petitioner has not proven or even alleged that section 7491(a) applies; accordingly, the burden remains on him to show that he is entitled to the claimed deductions.

U.S. individuals are subject to Federal income taxation on their taxable income on a worldwide basis. See sec. 1; Cook v. Tait, 265 U.S. 47 (1924). But a U.S. individual who is a bona fide resident of Puerto Rico for the entire taxable year is not subject to Federal taxation with respect to his items of income that are sourced within Puerto Rico except for amounts received for services as an employee of the U.S. Government. See sec. 933(1). Notwithstanding the exemption provided by section 933(1), a U.S. individual residing in Puerto Rico is not exempt

from self-employment tax. See sec. 1401; sec. 1.1402(a)-9, Income Tax Regs. Residents of Puerto Rico are required to compute net earnings from self-employment in the same manner as a U.S. individual without regard to section 933. See sec. 1402(a)(6); sec. 1.1402(a)-9, Income Tax Regs.; see also sec. 1.1402(a)-1, Income Tax Regs. (defining the term "net earnings from self-employment" to include the gross income derived in a taxpayer's trade or business less the deductions allowed by chapter 1 that are attributable thereto).

## I.  Substantiation of Business Expense Deductions

In general, section 162 allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Whether an expenditure satisfies the requirements of section 162 is a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943). The taxpayer must keep records sufficient to establish the amounts of the items required to be shown on his Federal income tax return. See sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

When a taxpayer establishes that he has incurred a deductible expense but is unable to substantiate the exact amount, the Court may estimate the deductible amount in some circumstances (the Cohan rule). See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). But the Court can estimate the

amount of a deductible expense only when the taxpayer provides evidence sufficient to establish a rational basis for making the estimate.  See Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

A.  Legal Expenses, Supplies, Insurance, Taxes and Licenses, Oil and Gas

With respect to the deductions claimed for legal expenses, supplies, insurance, taxes and licenses, and oil and gas, petitioner's evidence consisted of a spreadsheet listing the numbers he put on his return.[2]  Petitioner did not testify as to these items nor submit any receipts to verify his payment of the expenses in 2002.  See secs. 446(a), (c), 461(a), 6001.  Without more, the Court finds that petitioner has not adequately substantiated the deductions and that he has failed to provide sufficient evidence for the Court to make a rational estimate. Therefore, the deductions are not allowable, and respondent's determinations are sustained.

B.  Parking and Tolls

Generally, a taxpayer may deduct the cost of operating an automobile to the extent that it is used in a trade or business. See Rev. Proc. 2002-61, 2002-2 C.B. 616.  Parking fees and tolls may be deducted as separate items.  Id.  Petitioner's evidence consisted of his spreadsheet.  He failed to present any receipts

---

[2]  With respect to his spreadsheet, petitioner testified that he used his expenses from 2004 to generate "reasonable expenses" for 2002 since his records for 2002 were allegedly destroyed in a fire in 2006.

to verify that the expenditures were made in 2002, and he did not testify as to these claimed expenses.  See secs. 446(a), (c), 461(a), 6001.  Without more, the Court concludes that he has not substantiated the deductions nor provided any sufficient evidence for the Court to make a rational estimate.  Therefore, he is not entitled to the deductions, and respondent's determinations are sustained.

    C.   Expenses Subject to Section 274(d)

Section 274(d) supersedes the Cohan rule, and the Court cannot estimate a taxpayer's expenses with respect to certain items.  See Sanford v. Commissioner, 50 T.C. 823, 827, (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  Section 274(d) provides that no deduction is allowable for expenses related to: (1) Travel; (2) amusement, recreation, or entertainment; (3) gifts; or (4) "listed property", unless the taxpayer complies with certain strict substantiation requirements.  To satisfy the strict substantiation requirements, the taxpayer must substantiate the amount, the time and place of the travel or entertainment, the use of the property or facility, the date and description of the gift, the business purpose of an expense, and the business relationship to the taxpayer of the persons entertained or receiving the gift.  See sec. 274(d); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  If the amount is not substantiated by adequate records or

sufficient corroborative evidence, then it is disallowed.  See sec. 274(d).

In order to substantiate amounts expended for travel, the taxpayer must prove the:  (1) Amount of each expenditure (i.e., lodging, meals, gas, and etc.); (2) time (i.e., dates of departure and return trip and number of days spent on business); (3) place; and (4) business purpose (i.e., the business reason for the travel or the nature of the business benefit to be derived).  See sec. 1.274-5T(b)(2)(i) through (iv), Temporary Income Tax Regs., supra.

Similarly, in order to substantiate amounts expended for entertainment, the taxpayer must prove the:  (1) Amount of each expenditure (except for incidental items such as taxi fares or telephone calls that may be aggregated on a daily basis); (2) time, which means the date of the entertainment; (3) place (i.e., the name, if any, address or location, and designation of the type of entertainment, such as dinner or theater, if it is not apparent from the designation of the place); (4) business purpose (i.e., the business reason for the entertainment or the nature of the business benefit to be derived and the nature of the business discussion or activity); and (5) business relationship (i.e., name, title, occupation, or similar information of the persons entertained).  See sec.

1.274-5T(b)(3)(i) through (v), Temporary Income Tax Regs., 50 Fed. Reg. 46015 (Nov. 6, 1985).

Petitioner's evidence consisted of the spreadsheet listing the numbers he put on his return.  Petitioner did not testify as to his expenses for travel and meals and entertainment nor submit any receipts to verify his payment of the claimed expenses in 2002.  See secs. 446(a), (c), 461(a).  The Court finds that petitioner has not satisfied the strict substantiation requirements of section 274(d), and therefore, the expenses are not deductible.  Accordingly, respondent's determinations are sustained.

D.  Truck Purchase as a Section 179 Expense

Section 179(a) generally allows a taxpayer to elect to treat the cost of section 179 property as a current expense in the year the property is placed in service, within certain dollar limitations.  If the property is used for both business and other purposes, then the portion of the property's cost that is attributable to the business use is eligible for expensing under section 179 but only if more than 50 percent of the property's use is for business purposes (the predominant use requirement).  See sec. 1.179-1(d), Income Tax Reg.; see also Whalley v. Commissioner, T.C. Memo. 1996-533.  Moreover, in order to claim a deduction for listed property, which is defined in section 280F(d)(4) to include a passenger automobile, the taxpayer must

satisfy the strict substantiation requirements of section 274(d). See Whalley v. Commissioner, supra; see also sec. 280F(d)(1); sec. 1.179-1(d)(3), Income Tax Regs. In order to substantiate the amount of an automobile expense the taxpayer must prove the following: (1) The amount of the expenditure (i.e., cost of acquisition); (2) the amount of each business use and the amount of its total use by establishing the amount of its business mileage and total mileage; (3) time (i.e., the date of the expenditure or use); and (4) the business purpose for the expenditure or use. See sec. 1.274-5T(b)(6)(i) through (iii), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). The taxpayer may substantiate the amount of mileage by adequate records or sufficient evidence that corroborates his statements. See sec. 274(d). A record of the mileage made at or near the time of the automobile's use that is supported by documentary evidence has a high degree of credibility not present with a subsequently prepared statement. See sec. 1.274-5T(c)(1)-(3), Temporary Income Tax Regs., supra.

Petitioner's evidence consisted of the spreadsheet listing the numbers he put on his return and his testimony that he purchased the Jeep from a bankruptcy trustee for $2,200 to use in his business. Additionally, petitioner testified that the Jeep was his only vehicle and that his wife did not own a vehicle. Petitioner failed to establish his business use. Moreover, he

did not maintain a mileage log, and he did not attempt to reconstruct his auto expenses (i.e., by tying his clients' business cards, which he did possess, to particular dates).  The Court finds that petitioner has satisfied neither the strict substantiation requirements of section 274(d) nor the predominant use requirement.  Therefore, petitioner is not entitled to expense the cost of the Jeep under section 179.  Accordingly, respondent's determination is sustained.

E.  Expenses for Business Use of the Home

Expenses for the business use of a taxpayer's residence are deductible only under very limited circumstances.  The taxpayer must show that a portion of the residence was exclusively used on a regular basis as his principal place of business, and in the case of an employee, the exclusive use must be for the employer's convenience.  See sec. 280A(c)(1).  The term "a portion of the dwelling unit" refers to "a room or other separately identifiable space;" a permanent partition marking off the area is not necessary.  Sec. 1.280A-2(g)(1), Proposed Income Tax Regs., 48 Fed. Reg. 33324 (July 21, 1983).[3]  When section 280A(c) was added to the Internal Revenue Code by the Tax Reform Act of 1976, Pub.

_____

[3]  Although proposed regulations carry no greater weight than a position advanced on brief by the Commissioner, they may be useful as guidelines where they closely follow the legislative history of the act.  Estate of Wallace v. Commissioner, 95 T.C. 525, 547 (1990), affd. 965 F.2d 1038 (11th Cir. 1992); Miller v. Commissioner, 70 T.C. 448, 460 (1978); F.W. Woolworth Co. v. Commissioner, 54 T.C. 1233, 1265-1266 (1970)).

L. 94-455, sec. 601(a), 90 Stat. 1569, the Senate Finance

Committee report explained the exclusive use requirement as

follows:

> Exclusive use of a portion of a taxpayer's dwelling
> unit means that the taxpayer must use a specific part
> of a dwelling unit <u>solely for the purpose of carrying
> on his trade or business.  The use of a portion of a
> dwelling unit for both personal purposes and for the
> carrying on of a trade or business does not meet the
> exclusive use test</u>.  Thus, for example, a taxpayer who
> uses a den in his dwelling unit to write legal briefs,
> prepare tax returns, or engage in similar activities as
> well for personal purposes, will be denied a deduction
> for the expenses paid or incurred in connection with
> the use of the residence which are allocable to these
> activities. * * * [Emphasis added.]

S. Rept. 94-938, at 148 (1976), 1976-3 C.B. (Vol. 3) 49, 186; see

also H. Rept. 94-658, at 161 (1975), 1976-3 C.B. (Vol. 2) 695,

853; Staff of Joint Comm. on Taxation, General Explanation of the

Tax Reform Act of 1976, at 140 (1976), 1976-3 C.B. (Vol. 2) 1,

152.  Similarly, the Court has declined to find that a specific

portion of a residence had been used exclusively for business

purposes where both business and personal activities permeate an

entire residence.  <u>Williams v. Commissioner</u>, T.C. Memo. 1991-567;

<u>Naqqar v. Commissioner</u>, T.C. Memo. 1983-559.

The exclusive use requirement is an all-or-nothing standard.

See <u>Hamacher v. Commissioner</u>, 94 T.C. 348, 356 (1990).  When a

taxpayer uses a home office in conducting numerous business

activities, each use must be of a type described in section

280A(c)(1); otherwise, the exclusive use requirement is not

satisfied.  Id.  And if only one of the uses qualifies, then the expenses attributable to that use are not deductible even if the other uses are business related.  Id.

### 1.  Other Business Property as a Section 280A Expense

Petitioner's evidence consisted of the spreadsheet listing the numbers he put on his return, three canceled checks for rent paid for September through December at $1,050 per month, a current photograph of some equipment, a diagram showing the location of his equipment, furniture, files, and storage; a letter from Cortelco's vice president of finance and administration and chief financial officer, and petitioner's own testimony.

Petitioner testified that he and his wife never dined in the dining room because they had an outside deck to dine on.  The table was designed for dining, but it was not used for that purpose, he testified.  According to petitioner, they ate out most of the time, and his wife never cooked in the kitchen.  The Court finds that this portion of petitioner's testimony is self-serving, and we simply do not accept it.  See Geiger v. Commissioner, 440 F.2d 688, 689 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Urban Redev. Corp. v. Commissioner, 294 F.2d 328, 332 (4th Cir. 1961), affg. 34 T.C. 845 (1960).

Petitioner also testified that both he and his wife slept in the bedroom and that he used his computer equipment and his

"records" to help a bankruptcy trustee in a lawsuit filed in his personal capacity and on behalf of a company, of which he was the chief executive officer. In view of this testimony, the Court finds that petitioner has not satisfied the exclusive use requirement since his business areas were used for both personal and business reasons, they permeated the entire apartment, and the uses are so intermingled that the Court cannot find that a specific portion of the apartment was used exclusively for business purposes. Moreover, merely testifying that "if I lived there and I worked there and I did business there * * * I must have had some reasonable expenses" is not sufficient to satisfy the Code's substantiation requirements. Accordingly, respondent's determination is sustained.[4]

2. **Utilities**

Utilities attributable to the taxpayer's maintenance of a home office may be deductible as a business expense. See 1.262-1(b)(3), Income Tax Regs.

---

[4] In view of our disposition of the deductions relating to petitioner's business use of his residence, there is no need to reach the parties' arguments regarding the issue of whether his employer had provided petitioner with an office at Cortelco, which might have precluded the deduction pursuant to Bodzin v. Commissioner, 509 F.2d 679 (4th Cir. 1975) (distinguishing between situations where the taxpayer chooses to work from home and thus the deduction for the business use of the home is not allowable from the situations where an office is not available or suitable for the work and the deduction is allowable), revg. 60 T.C. 820 (1973).

Petitioner's evidence consisted of the spreadsheet listing the numbers he put on his return, a water-sewer bill and an electric bill, which were not for 2002; and a $75 receipt stapled to a water bill, which was for 2005.  Because we have determined that petitioner is not entitled to a deduction for the business use of his residence, it follows that he is not entitled to a deduction for the corresponding utilities.  Accordingly, respondent's determination is sustained.

## II.  Section 6651(a)(1) Addition to Tax

Respondent determined an addition to tax under section 6651(a)(1) for 2002, asserting that petitioner failed to timely file his Form 1040-SS.  Initially, respondent has the burden of production with respect to the addition to tax.  See sec. 7491(c).  Respondent satisfies his burden by coming forward with sufficient evidence to indicate that it is appropriate to impose the addition to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once respondent satisfies his burden, petitioner must persuade the Court that respondent's determination is in error by supplying sufficient evidence of reasonable cause, substantial authority, or a similar justification.  Id.

The parties agree that petitioner did not timely file a Form 1040-SS.  Therefore, respondent has met his burden of production.  Petitioner merely testified that he was a resident of Puerto Rico, he paid his taxes in Puerto Rico, and "everybody

said you do not owe the IRS".  Petitioner introduced no other evidence.  Petitioner's explanation was not a legally sufficient reason for his failure to file timely; therefore, the Court finds that petitioner did not have reasonable cause for his failure to file timely.  Accordingly, respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered for respondent as to the deficiency and the section 6651(a)(1) addition to tax and for petitioner as to the additions to tax under sections 6651(a)(2) and 6654</u>.